No. 787

CLEVELAND RY. CO. v. GATI

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6732. Decided Feb. 22, 1926

465. ERROR—Where allegations of plaintiff's petition are unfounded and unsupported by evidence; the emphasizing of such allegations by the court tend to confuse the jury and constitutes prejudicial error.

SULLIVAN, J.

Emilia Gati filed an action in the Cuyahoga Common Pleas against the Cleveland Ry. Co. for injuries claimed to have been sustained by reason of two street cars of the Company colliding. Gati claimed that she was precipitated to the floor of the car in which she was a passenger as a direct result of the collision.

Gati in her petition stated that she was hurled to the floor with great force and violence; in another part, that she was precipitated with great force to the floor; and in an amended petition, that she was thrown violently to the floor of the car, landing on her head.

A verdict for $5000.00 was returned in favor of Gati upon which judgment was rendered. Error was prosecuted by the Company and the Court of Appeals held:

1. The only evidence of any contact with Gati's head is that while she was in her seat, the back of her head came in contact with the car as she swayed.

2. The allegations in the petition and the absence of proof thereof assists in determining whether the verdict is manifestly against the weight of the evidence.

3. Other passengers testified that the collision was of such slight force that no perceptible inconvenience resulted.

4. The presence of a blood clot was in no way attributable to any condition existing because of the impact. Evidence of the blood clot arose from error in the medical testimony.

5. There being no evidence to support the allegations of Gati, the court below was not warranted in emphasizing them to the jury, because the effect would be confusing to the jury; and re-iteration of the unfounded allegations was prejudicial error to the rights of the Company.

Judgment reversed unless Gati accepts $1,000.00 in place of the $5,000 judgment rendered by the lower court.

Attorneys—David R. Rothkopf; Squire, Sanders & Dempsey for Company; all of Cleveland.